UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KAI HAMBURG                                    CIVIL ACTION

VERSUS                                         NO. 10-3071

LIFE INSURANCE COMPANY OF                      SECTION "F"
NORTH AMERICA

<u>ORDER & REASONS</u>

Before the Court are pre-trial memoranda on the issue of treatment of the administrative record in this ERISA case. The parties address the narrow issue of whether this Court should review a decision of the Social Security Administration which was never made a part of the record that was before the plan administrator. The Court finds that the administrative record is complete. The SSA decision is not a part of it.

## **Background**

Kai Hamburg, the plaintiff, makes a claim under ERISA for improper denial of long-term disability benefits under a group disability insurance policy issued and administered by Life Insurance Co. of North America, the defendant. Mr. Hamburg is a data control specialist with Tulane University. He claims that he became disabled after a work-related car accident on February 16, 2007, which left him with injuries to his neck, back, and right shoulder. He also suffers from depression.

Nine months after his accident, the plaintiff submitted a claim for long-term disability benefits under Tulane's plan with

1

the defendant.  The defendant, as administrator, denied benefits on April 4, 2009, determining that the plaintiff's injuries did not render him "disabled" as defined by the plan.  Plaintiff exhausted all administrative appeals of that decision and then sued the defendant on September 15, 2010.

Meanwhile, on March 30, 2009, only five days before the defendant originally denied the claim for benefits, the Social Security Administration ruled the plaintiff to be disabled.  The plaintiff claims that he did not know of the SSA decision until over a year later—yet still months before he filed this lawsuit—and that he believed the defendant was already in possession of it. The plaintiff sued, and it was not until preparing for a recent mediation session that the plaintiff discovered that the SSA decision was not part of the administrative record.

The parties agree that this case is to be evaluated on the basis of the administrative record but dispute whether the SSA decision should be part of that record.  Specifically, the plaintiff asks the Court, during its review, to supplement the record with the SSA decision or, alternatively, to remand the entire case for the defendant's belated consideration of the SSA decision.  The defendant maintains that the administrative record is complete and that supplementation is improper on the eve of trial.  The Court agrees.

**Law & Analysis**

The parties do not dispute that the Court's review is constrained to the administrative record; to that evidence which was before the plan administrator in resolving plaintiff's claim for benefits; the Court may not open the record and conduct discovery as to these determinations, or indulge in fact-finding. See Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 329, 333 (5th Cir. 2001) (noting, as an exception to this general rule, that a district court may consider evidence outside the administrative record if it will assist the court in understanding the medical terminology or practice related to the claim); see also Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 299 (5th Cir. 1999) (en banc).   However, both parties also agree that in limited circumstances, the Court may supplement the administrative record.

The U.S. Court of Appeals for the Fifth Circuit recently clarified the boundaries of administrative record supplementation in ERISA cases in Crosby v. Louisiana Health Services & Indemnity Co., No. 10-30043, 2011 WL 2811532, at *3 (5th Cir. July 19, 2011). Because under ERISA "[a] plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded," the Court may not admit "evidence to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has

3

interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." <u>Id.</u>

    <u>Crosby</u> acknowledges that the Court may admit evidence to resolve other questions that may arise in an ERISA action:

> For example, in an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. These issues are distinct from the question of whether coverage should have been afforded under the plan. We see no reason to limit the admissibility of evidence on these matters to that contained in the administrative record, in part, because we can envision situations where evidence resolving these disputes may not be contained in the administrative record.

<u>Id.</u> But, these circumstances are limited by the appellate court's repeated implication that if supplementation of the administrative record is to be permitted at all, it must take place before a claimant files suit. <u>See</u> <u>Vega</u>, 188 F.3d at 300 ("*Before filing suit*, the claimant's lawyer can add additional evidence to the administrative record.") (emphasis added); <u>id.</u> at 302 n.13 ("We want to encourage each of the parties to make its record *before* the case comes to federal court.") (emphasis added); <u>Ewing v. Metropolitan Life Ins. Co.</u>, No. 10-20668, 2011 WL 2204797 (5th Cir. June 7, 2011) (upholding the district court's refusal to supplement the administrative record with medical records not before the plan

4

administrator); <u>see</u> <u>also</u> <u>Schexnayder v. Hartford Life & Accident</u>
<u>Co.</u>, 600 F.3d 465 (5th Cir. 2010) (evaluating plan administrator's
failure to consider an SSA decision which was part of the
administrative record); <u>Williams v. Hartford Life Ins. Co.</u>, 243 F.
App'x 795 (5th Cir. 2007) (refusing remand for reconsideration of
administrative record); <u>Anderson v. Cytec Indus., Inc.</u>, No.
07-5518, 2009 WL 911296 (E.D. La. Mar. 27, 2009), <u>aff'd</u> 619 F.3d
505 (5th Cir. 2010) (agreeing that there are "thorny timing issues"
with supplementation).

The plaintiff does not try to assert that the SSA decision is
properly part of the administrative record.  He also does not
assert that it relates to how the defendant interpreted the plan in
the past.  He does not claim admitting it would assist this Court
in understanding medical terms or procedures.  The question here is
whether the SSA decision, one which was not before the defendant
until after this lawsuit was filed, can be added now.  The
plaintiff acknowledges that the SSA decision is not a part of the
record before the defendant and implores the Court to add it now.
It cannot be.[1]

The plaintiff, in seeking to slip the SSA decision
retroactively into the administrative record, effectively asks this
Court to resolve the merits of his benefits determination by

---

[1]   The plaintiff alternatively asks the Court to remand his
benefits claim for further fact-finding.  This request comes too
late.

reviewing documents never before considered by the defendant.  This the Court has no authority in law to do.  The SSA decision was in the possession of the plaintiff nearly a year before he sued the defendant for denying him benefits.  At no point did the plaintiff alert the decision to the defendant.[2]

Briefs on the remaining issues must be submitted not later than August 8, 2011, as provided for in the pre-trial conference.  SO ORDERED.

New Orleans, Louisiana, August 1, 2011.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

_____

[2]  The question of whether the defendant should have been in possession of the SSA decision without the plaintiff's action is not before this Court.  See Vega, 188 F.3d at 298 ("There is no justifiable basis for placing the burden solely on the administrator to generate evidence relevant to deciding the claim, which may or may not be available to it, or which may be more readily available to the claimant.").  It is not the Court's role to speculate.